IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, <br> 31 Hopkins Plaza, Suite 1432 <br> Baltimore, MD 21201, <br><br> Plaintiff, <br><br> v. <br><br> Cloverland Dairy Limited Partnership <br> T/A Cloverland Farms Dairy, <br> 2701 Loch Raven Rd. <br> Baltimore, MD 21218, <br><br> Defendant. | Civil Action No. <br><br><br> COMPLAINT <br><br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Brown, Barry Vitek and James Wancowicz, who were adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Cloverland Dairy Limited Partnership T/A Cloverland Farms Dairy ("Defendant" or "Defendant Cloverland Dairy") unlawfully discriminated against Brown, Vitek and Wancowicz by revoking their reasonable accommodation of parking in the spaces reserved by Defendant for individuals with disabilities and forcing them to park in an employee lot which is further away from the facility, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Michael Brown filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Cloverland Dairy.

8. On or around May 10, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or around June 28, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least August 2017, Defendant has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b), by prohibiting Maintenance Mechanics Michael Brown, Barry Vitek and James Wancowicz from parking in spaces reserved by Defendant for persons with disabilities and requiring them to park in an employee lot which is further away from the facility.

Michael Brown

a. Michael Brown has been employed as a maintenance mechanic with Defendant since 2005.

b. At all relevant times, Brown was an individual with an actual disability and a record of a disability as defined by the statute.

   i. Brown suffers from spinal stenosis, the narrowing of the spaces within the spine which puts pressure on the spinal cord and nerves.

   ii. Brown controls the symptoms related to his spinal stenosis with the daily use of Aleve and Osteo Bi-Flex.

   iii. Brown's spinal stenosis substantially limits the major life activity of the operation of the musculoskeletal system.

c. At all relevant times, Brown was qualified to perform the essential functions of the job.

d. Since his hire in 2005, Brown has had a disability parking placard issued by the Maryland Department of Motor Vehicles which he has renewed regularly.

e. From the time of his hire until approximately the end of July 2017, Brown has parked in the spaces reserved by Defendant for individuals with disabilities and has displayed his disability parking placard.

f. Brown has regularly provided copies of his updated disability placards to Defendant.

Barry Vitek

g. Barry Vitek has been employed as a maintenance mechanic with Defendant since 1995.

4

      h.      At all relevant times, Vitek was an individual with an actual disability and a record of a disability as defined by the statute.

            i.      Vitek suffers from dilated cardiomyopathy, a heart disease where the heart's main pumping chamber (left ventricle) dilates and cannot pump blood as well as a healthy heart.

            ii.      Vitek controls his cardiomyopathy by taking Lisinopril and Carvedilol.

            iii.      Vitek's cardiomyopathy substantially limits the operation of the circulatory and cardiovascular system.

      i.      At all relevant times, Vitek was qualified to perform the essential functions of the job.

      j.      Since his date of hire in 1995, Vitek has had a disability parking placard issued by the Maryland Department of Motor Vehicles which he has regularly renewed.

      k.      From his date of hire in 1995 through approximately the end of July 2017, Vitek parked in the spaces reserved by Defendant for individuals with disabilities and displayed his disability parking placard.

      l.      Vitek has regularly provided updated copies of his disability parking placard to Defendant.

<u>James Wancowicz</u>

      m.      James Wancowicz was employed as a maintenance mechanic with Defendant from 2009 through May 2018.

      n.      At all relevant times, Wancowicz was an individual with an actual disability and a record of a disability as defined by the statute.

        i.        Wancowicz suffers from degenerative joint disease in the knees.

        ii.       Wancowicz's degenerative joint disease substantially limits the major life activity of the operation of the musculoskeletal system.

o.    At all relevant times, Wancowicz was qualified to perform the essential functions of the job.

p.    Since approximately 2009, Wancowicz has had a disability parking placard issued by the Maryland Department of Motor Vehicles which he has regularly renewed.

q.    From approximately 2009 through approximately the end of July 2017, Wancowicz parked in the spaces reserved by Defendant for individual with disabilities and has displayed his disability parking placard.

r.    Wancowicz has regularly provided a copy of his updated disability parking placard to Defendant.

Defendant's Revocation of Parking Accommodation

s.    On or about July 27, 2017, Defendant's Safety/Security/Risk Manager Robert Glass requested that Brown, Vitek and Wancowicz submit updated disability parking placards.

t.    After Brown, Vitek and Wancowiz complied with Glass's request, Defendant issued them letters stating that "given the seriousness of [their] disabili[ties]" they should contact the physicians who signed off on their placards to "opine on [their] ability to work as a maintenance person at the Dairy."

u.    Brown provided Defendant with a "Physical Examination" form dated August 4, 2017 which noted that he had spinal stenosis which was controlled with medication and that he was cleared to perform the daily tasks associated with the job he was performing.

6

v.	Vitek initially provided Defendant with a letter from his physician dated August 9, 2017 which stated that he suffered from cardiomyopathy which had been stable for the past seven years and he should have no problems doing his job. Glass, however, took issue with the language of the release and requested that he submit a release "to full duty with no restrictions." Vitek thereafter submitted a revised release noting that he "ha[d] been performing his job without restrictions for several years and can continue to perform fully at work."

w.	Wancowicz initially provided Defendant with a copy of the medical note that he had submitted upon his return from leave in 2015. Glass, however, requested that Wancowicz provide an updated release. Wancowicz complied, submitting a letter dated August 22, 2017 stating that he was capable of performing his job duties without restrictions.

x.	Upon receipt of these letters, Defendant informed Brown, Vitek and Wancowiz that they were prohibited from parking in Defendant's handicap parking spaces because their physicians neither identified nor requested any medical restrictions pertinent to the job. Defendant instructed Brown, Vitek and Wancowize to park in the employee parking lot which is located at least a half a mile from Defendant's facility and does not contain parking reserved for individuals with disabilities

y.	Since that time, Brown, Vitek and Wancowicz parked in the employee parking lot which has required them to further from the facility each day. The greater daily distance has resulted in Brown taking leave more frequently; Vitek becoming more winded; and Wancowicz sustaining unnecessary wear and tear on his knees.

z.	Defendant has permitted its managers and contractors who do not have disability placards to park in the parking spaces which are reserved for individuals with disabilities.

14.	The effect of the practices complained of above has been to deprive Brown, Vitek

7

and Wancowicz, who were at all times qualified, of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

15. The effect of the practices complained of above has been to deprive Brown, Vitek and Wancowicz, who were at all times qualified, of equal employment opportunities and otherwise adversely affect their rights under the ADA resulting in expenses incurred due emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Brown, Vitek and Wancowicz.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to make whole Brown, Vitek and Wancowicz by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including

but not limited to an order that Brown and Vitek be permitted to park in Defendant's handicap spaces or a similarly situated reserved parking space;

D. Order Defendant to make whole Brown, Vitek and Wancowicz by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E. Order Defendant to make whole Brown, Vitek and Wancowicz by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Brown, Vitek and Wancowicz punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov